TEXAS & P. R. CO. (TEXAS v.). See Case No. 13,848.

TEXAS PAC. R. CO. (GOHEN v.). See Case Nos. 5,506 and 5,507.

TEXAS PAC. R. CO. (KAIN v.). See Case No. 7,596.

TEXAS RY. CO. (GOHEEN v.). See Case No. 5,507.

## Case No. 13,849.

### The T. F. WHITON.

[10 Ben. 369.] [1]

District Court, S. D. New York. March, 1879.

SEAMEN—WAGES—SETTING OFF DAMAGES—STATE MENT MADE BEFORE SHIPPING COMMISSIONER —EVIDENCE.

1. A second mate of a vessel filed a libel against her, to recover $91.75, for wages. The amount of his wages was admitted, but the owners of the ship set up as an offset. that he had wrongfully assaulted one of the sailors on the voyage, to the damage of the ship of $120. The assault and the damage were proved. But the libellant urged that as the deduction was not claimed in the statement of wages made by the master to the shipping commissioner, nor entered in the log, the defence could not be made. Held, that as the log was not produced, the presumption was that the entry was not made in the log.

2. Under sections 4550, 4596, and 4597, the court has a discretion to reject the evidence offered, but this does not prevent proof being given of the facts, and as the facts were proved beyond dispute, the owners were entitled to the set-off, and the libel must be dismissed.

In admiralty.

Louis F. Post, for libellant.

Benedict, Taft & Benedict, for claimants.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

CHOATE, District Judge. This is a suit in rem for wages of the libellant, as second mate, on a voyage from Philadelphia to Venice, thence to Trieste, and thence to New York. She arrived at New York December 15th, 1878, and it is admitted that there was a balance of libellant's wages to that time unpaid, amounting to $91.75. Among other defences set up in the answer, it is averred that "during the voyage and on or about the 26th day of August, 1878, when said vessel lay outside of the port of Venice, the libellant, who was the acting master of the said bark, committed a most violent and unprovoked assault and battery upon James Blake, the steward of said bark; that by reason of said assault and battery, said Blake was very severely injured, and was in danger of losing his life, and was unable to do his duty on board, whereby said bark and these claimants suffered damage in the sum of $120," which claimants ask to have deducted from any wages found due. That such an act on the part of a seaman, whereby the vessel suffers damage or is put to expense, is to be considered in diminution of a claim for wages, has been often held. Scott v. Russell [Case No. 12,546]; Brown v. The Neptune [Id. 2,022]; The Tusker [Id. 14,274].

The fact of the assault was clearly proved, and the evidence shows that in the sums paid for medical service to the steward, and loss of his services, the ship has sustained damage exceeding the balance of libellant's wages.

It is, however, insisted that as this deduction was not claimed in the statement of the wages of the crew, made by the master to the shipping commissioner, at the end of the voyage, nor entered in the log, under Rev. St. § 4550, the claimants cannot make this defence. I think, however, that the provisions of this section were not designed to prevent and do not prevent the court in a suit for wages from adjudicating upon the amount due, according to the facts proven. Sections 4596 and 4597 show that the failure to enter facts in the log on which deduction of wages is claimed, does not absolutely prevent proof of those facts, but gives the court a discretion to reject the evidence. No doubt the general purpose of these provisions of law is such as libellant's counsel suggests, to prevent the oppression of seamen by trumping up unfounded claims of misconduct, and ordinarily, and if the facts are left in doubt. the failure to enter the facts in the log should defeat the attempted defence. But in this case, the proof of misconduct is the positive and repeated admissions of the libellant himself, and the proof of damage is clear and not contradicted. The log was not produced. The vessel was at sea with the log at the time of trial. I think the libellant's counsel is correct; that the presumption is as against the claimants; that the prescribed entry was not made in the log.

As there is nothing due the libellant, it is

unnecessary to consider the other defences set up by the claimants. Libel dismissed, with costs.